UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER MORALES,<br><br>Petitioner. | Criminal Action No. 12-10323 |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                  **March 1, 2018**

## I. Introduction

Petitioner Christopher ("Morales") has moved to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that the sentence imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") is no longer permissible because, among other things, two of his ACCA predicates for assault and battery with a dangerous weapon ("ABDW") under Massachusetts law no longer qualify as violent felonies after <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson II</u>"), D. 164. Agreeing with Morales's argument on this point, for the reasons stated below, the COURT ALLOWS the petition, vacates his sentence and shall schedule the matter for resentencing.

## II. Standard of Review

"Under 28 U.S.C. § 2255, a petitioner may collaterally attack a conviction after it has become final." <u>Stampley v. United States</u>, No. 11-cr-10302-IT, 2016 WL 4727136, at *1 (D. Mass. Sept. 9, 2016). The Court will vacate and correct a petitioner's sentence if such

"sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). The petitioner bears the burden of demonstrating that there is cause for relief under § 2255. Id.

### III. Relevant Background

Pursuant to a plea agreement under Fed. R. Civ. P. 11(c)(1)(B), Morales pled guilty to one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). D. 91, 93. The plea agreement provided, in relevant part, that the parties agreed that the ACCA applied and that the minimum mandatory sentence was 180 months; that the parties would recommend a sentence of 180 months; and that, with one exception (regarding ineffective assistance of counsel not applicable here), Morales waived his right to challenge his conviction or any sentence of 180 months or less on direct appeal or in any collateral proceeding. D. 93 at 4.

At the July 15, 2014 sentencing, the Court adopting the calculation of the sentencing guidelines range of 188 to 235 months. The Court relied upon Morales' two prior ABDW convictions and a prior possession with intent to distribute a Class B substance (cocaine) and noted that the minimum mandatory sentence, pursuant to the ACCA, was 180 months. D. 162 at 8, 15. The Court accepted the parties' joint recommendation and imposed a sentence of 180 months, the ACCA minimum mandatory sentence. D. 162 at 15.

### IV. Discussion

#### A. The ACCA Post-*Johnson II*

The ACCA provides that any person convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) and who was previously convicted of at least three prior "violent felony" or

"serious drug" offenses, shall be imprisoned for a minimum of fifteen years. 18 U.S.C. § 924(e)(1). A violent felony is defined as a crime punishable by more than one year in prison that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (the "force clause") or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). Since the Supreme Court held that the residual clause was unconstitutionally vague in Johnson II, 135 S. Ct. at 2557-60, a predicate is a violent felony under the ACCA only if it satisfies the force clause. Accordingly, the central issue to resolving Morales's petition is whether two of the predicates upon which the Court relied to sentence him, the ABDW convictions, still qualify as ACCA predicates.

Since the parties' principal filings in this case, the First Circuit has decided two cases that resolve this issue adverse to the government's position. First, in United States v. Tavares, 843 F.3d 1, 12 (1st Cir. 2016), the court ruled that Massachusetts ABDW is divisible since it prohibits both the intentional version of the offense and a reckless version of the offense. Second, after Tavares, the First Circuit decided that "Massachusetts reckless ABDW is not a violent felony under the force clause." United States v. Windley, 864 F.3d 36, 39 (1st Cir. 2017). Where an ACCA predicate is divisible and one of the forms of the offense would not qualify as a violent felony, the Court must proceed to determine the form of the offense of which the defendant was convicted, relying upon Shepard documents. United States v. Faust, 853 F.3d 39, 52-53 (1st Cir. 2017) (citing Shepard v. United States, 544 U.S. 13 (2005)).

While the underlying burden for establishing a basis for habeas relief lies with the petitioner, see Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015), the government has the separate burden to offer Shepard documents in opposition to a § 2255 motion pursuant to Johnson

3

II. See, e.g., Aponte v. United States, No. 11-cr-30018-MAP, D. 65 at 4 (D. Mass. Sept. 22, 2016) ("Contrary to the government's assertion, he is not required to bear the burden of demonstrating that his state court conviction fell outside the category of violent offenses that qualified as predicates to support his Career Offender classification. The government must carry this burden"); Turner v. United States, 03-cr-10166-PBS, D. 218 at 6:25-7:1 (D. Mass. April 27, 2016) ("I don't have Shepard documents, and I don't view it as the defendant's burden"); McFarlane v. United States, 05-cr-10130-RWZ, D. 73 at 5:8-17 (D. Mass. Jan. 12, 2016) (confirming government has no Shepard documents, and on this basis finding "there was a fundamental miscarriage of justice" and "allow[ing] the motion"). The government's previous filings in this case do not indicate the availability of Shepard documents in regard to the two Massachusetts ABDW predicates and there has been no further filing during the pendency of the petition suggesting otherwise.

### B. To Avoid a Miscarriage of Justice, Morales's Appellate Waiver Does Not Bar his *Johnson II* Claim

As an initial matter, the government argues the Court should not get to Morales' substantive argument under Johnson II since the appellate waiver in his plea agreement bars him from challenging his sentence. Morales does not contend that there was no "clear statement elucidating the waiver and delineating its scope" or that he did not enter into the waiver "knowingly and voluntarily" as required. United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001). Instead, he contends that an exception to his "presumptively valid" waiver was explicitly contemplated by Teeter which provided that a court retains the authority not to enforce the waiver, if to do so, "would work a miscarriage of justice." Id. at 25. As one example of such miscarriage, the First Circuit cited an instance in which the waiver was invoked where the trial court had imposed "a sentence exceeding the maximum penalty permitted by law." Id. n.10.

4

Allowing the waiver to bar Morales' petition about his Johnson II here would amount to such a miscarriage of justice. Although the Court understands the government's position that the jointly proposed sentence recommendation in the plea agreement was one of several, freely bargained-for terms between the parties and Morales voluntarily agreed to them. That observation, however, does not negate the fact, now clear in the light of the First Circuit's post-Johnson II rulings, that he is currently serving ACCA sentence of 180 months, that exceeds the statutory maximum of 120 months that now will apply pursuant to 18 U.S.C. 924(a)(2). Virden v. United States, No. 09-10325-LTS, 2017 WL 470891, at *4 (D. Mass. February 3, 2017) (concluding that "subjecting a prisoner to five years of incarceration beyond the maximum sentence permitted by law based on his improper classification as an armed career criminal would be the very definition of a miscarriage of justice").

### C. Morales Prevails on the *Johnson II* Claim and Shall Be Resentenced

For the reasons stated above, two of the predicates upon which the Court previously relied to impose Morales's sentence are no longer viable ACCA predicates. Accordingly, the Court grants the petition and shall schedule for resentencing to determine the appropriate non-ACCA sentence.

## V. Conclusion

For the foregoing reasons, the Court ALLOWS Morales's § 2255 petition, D. 174, vacates his sentence and shall schedule resentencing.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge